IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARKHAM J. CHAMPAGNE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-2264-D |
| | § | |
| GEORGE ZOLEY, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Markham J. Champagne, a former Texas prisoner, challenging the conditions of his confinement while he was incarcerated at the Sanders Estes Unit of the TDCJ-CID. On December 23, 2008, plaintiff submitted a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. On January 9, 2009, the court sent written interrogatories to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff was warned that the failure to answer the interrogatories within 20 days "may result in the dismissal of the complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." Before his interrogatory answers were due, plaintiff notified the

court of his new address in Winnie, Texas. The court remailed the interrogatories to plaintiff at his new address on February 6, 2009. Once again, plaintiff was warned that the failure to serve interrogatory answers within 20 days "may result in the imposition of sanctions, including dismissal of the action for want of prosecution." To date, plaintiff has not answered the interrogatories. The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The court sent written interrogatories to plaintiff more than two months ago. Plaintiff has not answered the interrogatories despite repeated warnings that his failure to do so would result in the dismissal of the case. The court must obtain additional information about the factual basis of this suit in order to screen the complaint and determine whether process should be issued to the defendants. The inability to proceed with this litigation is directly attributable to plaintiff's failure to provide the information requested. Dismissal is clearly warranted under these circumstances. *See*

*Wiggins v. Management and Training Corp.*, No. 3-03-CV-1547-L, 2003 WL 22259080 at *1 (N.D. Tex. Sept. 25, 2003), *rec. adopted*, 2003 WL 22415739 (N.D. Tex. Oct. 20, 2003) (dismissing complaint for failure to answer written interrogatories).

## RECOMMENDATION

Plaintiff's complaint should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 12, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE